IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BOBBY PARKER, | § | |
| TDCJ # 1297976, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-13-0365 |
| | § | |
| CHRISTOPHER CARTER, *et al.,* | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

State inmate Bobby Parker (TDCJ # 1297976) filed this lawsuit under 42 U.S.C. § 1983, alleging violations of his civil rights while he was incarcerated at the Estelle Unit of the Texas Department of Criminal Justice – Correctional Institutions Division (collectively "TDCJ") near Huntsville, Texas.  He names the following TDCJ officials as defendants: Warden Christopher Carter, Warden Cody Ginsel, Mail Room Supervisor Bobbie Bennett, Captain Cody Vincent, and Assistant Regional Director J. Smith.  Parker proceeds *pro se* and he has been granted leave to proceed *in forma pauperis*.  Parker has filed a more definite statement of his claims [Doc. # 8] after having been ordered to do so by the Court.  After reviewing all of the pleadings as required by 28 U.S.C. § 1915A, the Court concludes that this case must be **dismissed** for reasons that follow.

## I.      BACKGROUND

Parker states that his mother sent him a package containing 200 photographs of family members via priority mail on August 10, 2012.  He further states that his mother used a tracking number and verified that the package arrived at the Huntsville Post Office on August 13, 2012, and was delivered to the Estelle Unit on that same date [Doc. # 1, p. 4].  However, Parker never received the package.  When he inquired about what happened to the package, Bennett told him that she never received it.

Parker contends that Bennett lied to him about the package because she receives all incoming mail and registered packages at the Estelle Unit [Doc. # 8, p. 1-2].  He also asserts that Captain Vincent lied to his mother when she asked him about the package.  *Id*. at 2.  Vincent allegedly told Parker's mother that he contacted the postmaster who told him that no package was delivered.  Parker sought help from Ginsel and Carter, and he filed grievances with the unit warden and the regional director's office.  He claims that all of the officials backed Bennett's report that the package never arrived at the Estelle Unit, and they all denied him relief.  Despite being told by Estelle officials that the package never arrived at the prison unit, Parker insists that the photographs were either destroyed or confiscated.  He states that this must have happened because, "That's what these officials do on Estelle Unit.  They back each other even in lies."  [Doc. 8, p. 2].

Parker complains that his due process rights were violated because his photographs were taken from him without giving him notice of their confiscation [Doc. # 1, p. 5]. He claims that his weight dropped from 270 pounds to 232 pounds as result of the physical stress and psychological trauma he experienced being lied to after losing his personal mementos [Doc. # 1, p. 5; Doc. # 8, p.1]. He contends that Bennett is responsible because she is in charge of the mail room. He holds Vincent and Carter responsible because they backed Bennett's story. He charges that Ginsel and Smith are also responsible because they refused to correct the problem after he notified them about it. Parker maintains that the photographs are priceless, and he seeks $ 100,000 in compensation and $ 100,000 in punitive damages from each defendant.

## II.    STANDARD OF REVIEW

This civil action is subject to review under 28 U.S.C. § 1915(e)(2)(B), which applies to all litigants proceeding *in forma pauperis*. Under this statute, a district court "shall dismiss" any *in forma pauperis* action under § 1915(e)(2)(B) if the court determines that the complaint is: (1) frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. In conducting this analysis, "[a] document filed *pro se* is 'to be liberally construed,' . . . and 'a *pro se* complaint, however inartfully

pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

A court may dismiss a complaint as frivolous under § 1915(e)(2)(B) "if it lacks an arguable basis in law or fact." *Geiger v Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997).

## III.   DISCUSSION

Parker asserts that his rights were violated under 42 U.S.C. § 1983.  This statute provides a private right of action for damages to individuals who are deprived of "any rights, privileges, or immunities" protected by the Constitution or federal law by any person acting under the color of state law.  42 U.S.C. § 1983; *Breen v. Texas A&M Univ.*, 485 F.3d 325, 332 (5th Cir. 2007).  To establish liability under § 1983, a civil rights plaintiff must establish two elements:  (1) state action, *i.e.*, that the conduct complained of was committed under color of state law, and (2) a resulting violation of federal law, *i.e.,* that the conduct deprived the plaintiff of rights secured by the Constitution or laws of the United States.  *See Collins v. City of Harker Heights*, 503

-4-

U.S. 115, 120 (1992); *Baker v. McCollan*, 443 U.S. 137, 142 (1979); *see also Doe ex rel. Magee v. Covington County School Dist. ex rel. Keys*, 675 F.3d 849, 854 -855 (5th Cir.2012) (To state a claim under 42 U.S.C. § 1983, "a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law.") (citing *James v. Tex. Collin Cnty.,* 535 F.3d 365, 373 (5th Cir.2008)).

### A.     Loss of Property - No Denial of Due Process

Parker contends that Bennett violated his due process rights when she seized or destroyed his photographs.  There is no legal basis to a prison inmate's claim that his due process rights were violated when mail officials lost or destroyed his property. *Geiger*, 404 F.3d at 374.  Parker's claim concerns an alleged wrongful taking of his personal property.  An unauthorized taking of an inmate's property is not actionable in a prisoner civil rights action where the state provides a remedy. *Hudson v. Palmer*, 104 S.Ct. 3194 (1984); *Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009); *Lewis v. Woods*, 848 F.2d 649, 651 (5th Cir. 1988).  Parker's constitutional due process rights have not been violated because the Texas tort of conversion provides an adequate state remedy. *Brewster*, 587 F.3d at 768 (citing *Murphy v. Collins,* 26 F.3d 541, 543 (5th Cir. 1994)).  *See also Cathey v. Guenther*, 47 F.3d 162, 164 (5th Cir.

1995) (Texas law provides an adequate remedy for unauthorized taking of property). Parker fails to assert a § 1983 claim because he has not demonstrated that there is no state remedy available to him. *Gee v. Pacheco*, 627 F.3d 1178, 1194 (10th Cir. 2010).

### B.    No Compensation for Mental or Emotional Anguish

Parker contends that he experienced emotional trauma from the defendants' taking or destroying the pictures and then denying any responsibility for their loss. He fails to assert an actionable claim because he has not shown that he suffered actual physical harm from the alleged acts. 42 U.S.C. § 1997e(e); *Geiger*, 404 F.3d at 374. Pursuant to the Prison Litigation Reform Act (PLRA), a prisoner cannot recover damages for emotional or mental harm if he has not suffered a physical injury. *Id.*; *Jones v. Greninger*, 188 F.3d 322, 326 (5th Cir. 1999) (citing 42 U.S.C. § 1997e(e)). Parker alleges that he lost 38 pounds as a result of the anxiety he suffered from losing his pictures. His general allegation concerning his weight loss is not sufficient to demonstrate that he suffered a "physical injury" as that term is commonly understood. *Pearson v. Welborn*, 471 F.3d 732, 744 (7th Cir. 2006) (weight loss due to physical and mental depression insufficient to support claim of injury) (citing *Herman v. Holiday,* 238 F.3d 660, 665–66 (5th Cir.2001) (recovery barred under § 1997e(e) for prisoner's alleged "grave emotional and mental depression" as a result of exposure to asbestos in prison)).

### C.    Conclusory Allegations

Parker's complaint that the defendants took his photographs relies on their denials of responsibility for the alleged loss of the items.  Parker states that his mother mailed him the photographs and that the photographs arrived at the Estelle Unit, but that the person in charge of the mail room denied ever receiving the photographs.  His theory that the photographs were seized or destroyed and that the defendants lied about their complicity is based on his belief that "That's what these officials do on Estelle Unit."  [Doc. 8, p. 2].  Parker cannot rely on conclusory allegations to support his claim. *Ackerson v. Bean Dredging LLC*, 589 F.3d 196, 209 (5th Cir. 2009) (citing *Fernandez-Montes v. Allied Pilots Ass'n,* 987 F.2d 278, 284 (5th Cir. 1993) ("[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.")).  His allegations are based on his own personal beliefs which are insufficient to support a claim that his civil rights were violated.  *See Allen v Thomas*, 458 F.App'x 408, 410 (5th Cir. 2012).  Parker's threadbare assertions are not sufficient for the Court to conclude that the defendants knowingly took his property and violated his rights.  See *Bowlby v. City of Aberdeen, Miss.*, 681 F.3d 215, 219 (5th Cir. 2012) (citing *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)).

### D.    Denials of Grievances

Parker's claims regarding the alleged denials of his grievances have no basis in law.  A prisoner does not have a federally protected liberty interest in having his grievances decided in his favor.  *Morris v. Cross*, 476 F.App'x 783, 785 (5th Cir. 2012) (citing *Geiger*, 404 F.3d at 374).  Under the PLRA, prisoners must utilize the administrative grievance process before filing a civil rights complaint.  42  U.S.C. § 1997e(a); *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004).  The TDCJ has a two step system which must be completed before the process is considered exhausted. *Johnson*, 385 F.3d at 515 (citing *Wright v.Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001)). While an inmate must file a grievance addressing the perceived violation and complete the administrative process before filing a complaint, there is no guarrantee that the outcome will be favorable.  *See, e.g.*, *Jones v. North Carolina Prisoners' Labor Union*, 433 U.S. 119, 138 (1977) (Burger, J., concurring) (applauding the adoption of grievance procedures by prisons, but expressly declining to suggest that such procedures are "constitutionally mandated"); *Morris,* 476 F.App'x at 785 (citing *Geiger*, 404 F.3d at 374; *Martin v. Scott*, 156 F.3d 576, 578 (5th Cir. 2012)).

Parker's grievances were filed with and answered by Warden Carter, Warden Ginsel, and Director Smith, three high level administrators.  Parker fails to assert facts

which show that the named individuals were personally involved in the alleged wrongful taking of his property.  He cannot establish a civil rights claim against persons with whom he has had no direct contact and who are only tangentially involved due to the actions of their subordinates. *Anderson v. Pasadena Independent School Dist.*, 184 F.3d 439, 443 (5th Cir. 1999).  *See also Eason v. Thaler*, 73 F.3d 1322, 1327 (5th Cir. 1996) ("There is no respondeat superior liability under section 1983.").  Parker's dissatisfaction with Carter's, Ginsel's, and Smith's responses to his grievances does not support an actionable claim.  *See Geiger*, 404 F.3d at 374.

Having reviewed Parker's claims and allegations, the Court concludes that his complaint is based on an indisputably meritless legal theory and has no basis in law. *McCormick v. Stadler*, 105 F.3d 1059, 1061 (5th Cir. 1997).  Therefore, this action shall be dismissed as legally frivolous.  28 U.S.C. § 1915(e)(2)(B).

## IV.  CONCLUSION

Based on the foregoing, Parker fails to state any claim that is not frivolous or upon which relief may be granted.  The Court **ORDERS** as follows:

The plaintiff's complaint is **DISMISSED** with prejudice under 28 U.S.C. § 1915(e)(2)(B) as frivolous.

**The Clerk is directed to provide copies to the parties. The Clerk will also provide a copy of this memorandum and order by regular mail, facsimile transmission, or e-mail to: (1) the TDCJ-CID Inmate Trust Fund, P.O. Box 60,**

**Huntsville, Texas 77342-0060, Fax Number (936) 437-4793; (2) the TDCJ – Office of the General Counsel, P.O. Box 13084, Austin, Texas 78711, Fax Number (512) 936-2159; and (3) the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Manager of the Three Strikes List.**

SIGNED at Houston, Texas on June 20, 2013.

Nancy F. Atlas
United States District Judge